RODMAN, J., concurring, remarks upon the decision in Sutton v. Askew, and suggests that it be overruled.
This action was originally brought by the wife of the plaintiff against the defendants, for the possession of certain personal property taken by them under an execution against her husband, and she having died, the plaintiff administered on her estate and made himself party plaintiff. The plaintiff and his late wife intermarried before 1868. The property seized under the execution was given to plaintiff's (316) intestate by her father in 1871, and they were living together and using said property at the time it was seized.
The Court charged the jury that the husband, having married before 1868, had a right to his wife's personal property, even though afterwards acquired, and it was not divested by the provisions of the constitution of 1868, and that therefore the property seized under the execution was the property of the defendant in the execution. Under these instructions the jury rendered a verdict for the defendants. Afterwards the plaintiff moved for a new trial, which His Honor granted on the ground of misdirection in law in his charge as above set forth, and ordered the verdict to be set aside, and the defendants appealed. *Page 241 
Prior to 1868-'69 a widow was entitled to dower in the land of which her husband died, seized and possessed, and not as at common law of all the land of which he had been seized at any time during coverture. The act of 1868-'69 restored the common law right of dower. In Sutton v. Askew,66 N.C. 172, it was held that the act of 1868-'69 did not operate to give the wife an inchoate right of dower where the marriage was before the statute, and the husband owned the land at the time of the marriage or before the statute, but that in such case the husband had the right to dispose of the land by sale free of any dower right of the wife at any time during his life. How it would be where the marriage was before the act and the land acquired after the act, was left an open question, with a slight intimation that in such case the dower right would attach.
Our constitution of 1868 secures to the wife's separate use all the property which she should acquire. In Kirkman v. Bank, (317)77 N.C. 394, it was held that where the marriage was before the constitution and the wife acquired property after the constitution, she had the right to receive it independently of her husband. It is true that the question then was as to the wife's right to receive into her possession, without the concurrence of her husband, a distributive share of her ancestor's estate, but the decision could not have been arrived at without deciding that she had in it a separate property.
In the case before us the marriage was before the constitution and the property acquired after the constitution. And the question is, whether by the marriage the husband acquired a vested right, not only in all the personal property which the wife had at the time of the marriage, but in all the property which she might acquire during coverture. The argument for the defendants is that the marriage contract was that the husband should have all the property which the wife then had or should thereafter acquire, and that that contract could not be impaired by legislation or by the constitution; that he had a vested right in property which the wife might acquire after the marriage, as well as in property which she had at thetime of the marriage, and that subsequent legislation could not deprive him of his vested rights.
It is too well settled to require either argument or authority, thatvested rights can not be disturbed, but it is error to suppose that a mere expectancy, or a possibility of future acquisitions, is a vested right. *Page 242 
The following proposition is well supported by Cooley Const. Lim., 360-1-2, and by numerous authorities which he cites: At the common law the husband immediately on the marriage succeeded to certain rights in the real and personal estate which the wife then possessed. These rights became vested rights at once, and any subsequent (318) alteration in the law could not take them away. But other interests were merely in expectancy. And while these interests remainded in expectancy the legislature had full power to modify or even to abolish them. They are subject to any changes in the law made before the rights became invested by acquisition.
That is conclusive of this case. The property in dispute was acquired after the marriage, and before it was acquired the constitution provided that all after acquired property by the wife should be her separate property. His Honor charged the jury contrary to this doctrine, and there was a verdict for the defendants. Becoming convinced of his mistake he set aside the verdict and ordered a new trial, so that there is no verdict upon which we can give judgment here. We must therefore affirm the order for a new trial.
It is insisted by the defendant that there is no use in allowing the plaintiff to recover, because if he do, the property will be immediately subject to the satisfaction of the defendant's debt against the plaintiff — the plaintiff being the administrator of his deceased wife in whose name the suit was originally brought. That may or may not be so. He must however recover the property, to be administered according to law. We do not know what may be the liabilities of the wife's estate, and we cannot administer it in this action. The claims of the defendants are not against the wife's estate, but against the husband plaintiff in his individual capacity. And they are neither set-off nor counter-claims in this action.
There is no error. The order below setting aside the verdict and granting a new trial is affirmed.